**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04290-NYW

BIANCA ESTELA FLORES REYES,

Petitioner,

v.

JUAN BALTASAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus & Complaint for Administrative Procedure Act Relief ("Petition"). [Doc. 1]. Petitioner is a noncitizen who is currently detained at the ICE Contract Detention Facility in this District. [*Id.* at ¶¶ 3–4, 41–43]. She seeks, among other things, a Court order directing Respondents to immediately release her from custody or provide her a bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at 32].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, and shall also send a courtesy copy of the Petition and this Order to Respondents via email, on or before **September 17, 2026**. Petitioner shall file proof of such service on or before **September 21, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.

Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado so long as Petitioner remains in Respondents' custody. This order does not preclude Respondents from removing Petitioner from the United States pursuant to a final order of removal. This

order shall remain in effect unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Lopez Garcia v. Baltazar*, No. 26-cv-03936-NYW, 2026 WL 2529669 (D. Colo. Aug. 27, 2026); *Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED: September 14, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge