**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04290-NYW

BIANCA ESTELA FLORES REYES,

Petitioner,

v.

JUAN BALTASAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus & Complaint for Administrative Procedure Act Relief (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5], and Petitioner has replied, [Doc. 6]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Bianca Estela Flores Reyes ("Petitioner" or "Ms. Flores Reyes") is a citizen of Mexico who lawfully entered the United States in 2016 on a B-2 visa and then overstayed her visa. [Doc. 1 at ¶ 41]. On February 23, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner after being alerted by the Weld County Sheriff's Office that she was arrested "for suspicion of driving under the influence." [*Id.* at ¶¶ 42–43; Doc. 1-3 at 3]. Ms. Flores Reyes was transported to the GEO ICE Processing Center

in Aurora, Colorado, where she remains detained. [Doc. 1 at ¶ 43].

On May 15, 2023, an immigration judge ("IJ") conducted a bond hearing. [*Id.* at ¶ 44]. Ms. Flores Reyes submitted evidence to show that she was neither a danger nor a flight risk, including a sworn statement from the Weld County Sheriff's Office that "no booking, arrest warrant, and/or citation information was located for Ms. Flores Reyes." [*Id.* at ¶ 44]; *see also* [Doc. 1-4 at 6]. The Department of Homeland Security ("DHS") submitted as evidence a Form I-213, which discussed Petitioner's arrest for driving under the influence of alcohol and stated that the "case is currently pending in the Weld County Combined Courts system." [Doc. 1 at ¶ 42; Doc. 1-3 at 4]. It reported no other criminal history. [Doc. 1 at ¶ 42; Doc. 1-3 at 4]. The IJ denied bond, finding that:

> Danger: The Court carefully considered the respondent's proffered testimony and the documentary evidence. The Court must consider that the Form I-213, Record of Deportable/Inadmissible Alien, and the Respondent's testimony regarding [her] pending criminal charges for Driving Under the Influence (DUI). Respondent was arrested on April 7, 2025 for DUI February 22, 2026 in Weld County, Colorado. . . . The Court finds the pending charge for DUI severe enough that she cannot meet her burden to establish that she is not a danger to the community[.]

[Doc. 1-2 at 1–2 (citations omitted); Doc. 1 at ¶¶ 45–46].

In the Petition, Ms. Flores Reyes raises three claims: (1) violation of her substantive due process rights under the Fifth Amendment; (2) violation of her procedural due process rights under the Fifth Amendment; and (3) violation of the Administrative Procedures Act. [Doc. 1 at ¶¶ 86–100]. Among other things, she seeks her immediate release from all forms of custody, and requests that the Respondents be enjoined from "re-detaining [her] without procedural due process protections." [*Id.* at 32–33].

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case," and they

"recognize that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 5 at 1–2]. They submit that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The Court finds Ms. Flores Reyes's second claim, violation of her Fifth Amendment procedural due process rights, dispositive. Ms. Flores Reyes argues that she was "denied a bond hearing in which the burden of proof is allocated to the government to show that her continued detention is warranted by proving by clear and convincing evidence that

she is danger to others or a flight risk." [*Id.* at ¶ 93]. She asserts that the bond hearing did not satisfy the due process requirements of the Fifth Amendment. [*Id.* at ¶ 95].

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018)). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Ms. Flores Reyes's favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a

practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."). Placing the burden on Petitioner to prove two negatives necessarily puts her "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 5]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera*, 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Ms. Flores Reyes's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[1] The record here establishes that, when denying bond, the IJ explicitly found that, due to the "pending charge for DUI," Petitioner "cannot meet *her burden* to establish that she is not a danger to the community." [Doc. 1-2 at 2 (emphasis added)]. Thus, the IJ erroneously placed the burden on Ms. Flores Reyes, rather than the Government, such that she is entitled to habeas relief.

In fashioning an appropriate remedy in similar cases, some courts, including this Court, have ordered a new bond hearing employing the constitutionally required standards. *See e.g.*, *Wang v. Baltazar, et al.*, No. 26-cv-04166-NYW, 2026 WL 2905324, at *4–5 (D. Colo. Sept. 28, 2026). Other courts in this District have ordered the petitioner's immediate release. *Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *2 (D. Colo. Aug. 6, 2026) (determining that, "[r]ather than a second bond hearing, release is the appropriate remedy" when the IJ inadequately sets forth the proper burden of proof

---

[1] A number of other Courts in this District have reached similar conclusions. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up));

at a bond hearing); *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) ("Requiring [Petitioner] to undergo yet another sham bond hearing, as the Government would have it, in the Court's view would only add further insult to the constitutional injury to which Petitioner has already been subjected.").

Upon review of this record and considering all the circumstances of this particular case, the Court finds that an order of immediate release is warranted. While this Court does not reweigh evidence or serve as an appellate court over the IJ's bond decision, *see Quiroz Zacarias*, 2026 WL 1092162, at *3, a "noncitizen may show a constitutional error [in a bond hearing] where 'the evidence itself could not—as a matter of law—have supported the IJ's decision to deny bond.'" *Singh v. Baltasar*, No. 26-cv-01126-NYW, 2026 WL 2224796, at *3 (D. Colo. July 14, 2026) (quoting *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025)). Here, the IJ's order rested entirely on Ms. Flores Reyes's "pending charge for DUI," *see* [Doc. 1-2], **which was a blatant misstatement of the record before her**. The Weld County Sheriff's Office provided a notarized letter that expressly stated:

> This letter verifies a check of the records maintained by the Weld County Sheriff's Office Criminal Justice Records found the following **booking, arrest, warrant, and/or citation information** reference the named individual. Included is all such information available to us as of the date of this letter …
>
> Name: Bianca Flores Reyes
> AKA: N/A
>
> **A search of our Records Management system reflects no records for this person under our jurisdiction.**

[Doc. 1-4 at 6 (emphasis added)]. Indeed, Respondents do not contest Petitioner's description of the facts—i.e. that there is no DUI charge or pending case—or even attempt

to support the IJ's decision in any way, *see* [Doc. 5], and therefore have waived all arguments in opposition, *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). Because Ms. Flores Reyes has no pending case for driving under the influence, the evidence that the IJ cited in her order cannot, as a matter of law, support the decision to deny bond.

Ms. Flores Reyes has now been unconstitutionally detained for eight months, including four months since her unconstitutional bond hearing. In such a circumstance, the Court will order immediate release. The Court respectfully **GRANTS in part** the Petition as to Count II and **GRANTS** Petitioner's request that she be immediately released. Because the Court has granted Petitioner's requested relief, the Court need not address her other claims.[2]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus & Complaint for Administrative Procedure Act Relief [Doc. 1] is **GRANTED in part**;

(2) Respondents **SHALL RELEASE** Petitioner from custody within **48 hours** of the issuance of this Order; and

[2] To the extent Petitioner asks the Court to award her attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 1 at 33], this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3.

(3) On or before **November 2, 2026,** the Parties **SHALL FILE** a joint status report confirming that Petitioner was released and informing the Court whether further proceedings are required in this case.

DATED: October 26, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge